FILING FEE PAID:
RECEIPT # 321-2454
AMOUNT $ 150.00
BY DPTY CLK

United States District Court
District of Massachusetts

C. A. no.

00 11746 MEL

*Plaintiffs*

Joseph Ligeri;
Benjamin Ligeri

vs:

*Defendants*

Chief       Feidler,      of the Rehoboth Police Department
Sergeant Peter Withers,  of the Rehoboth Police Department
Sgt. James Trombatta,    of the Rehoboth Police Department
Sgt. Michael Brady       of The Rehoboth Police department
and The Rehoboth Police Department.
                     &
Tim Withers Selectman Of the Town of Rehoboth and the Town of Rehoboth

# Complaint



## The Parties

1) The Plaintiff, Joseph Ligeri, is a tax consultant residing at 39 Wheaton Avenue, Rehoboth MA 02769. The Plaintiff's mailing address is PO Box 27 Seekonk, MA 02771. He is the father of two children including the 2nd Plaintiff Benjamin Ligeri. The second Plaintiff Benjamin Ligeri has left the area as a result of the difficulties addressed in this action and is now residing in Washington, but will be available for trial.

2) The Defendants are State and Town Employees and officials. Tim Withers, the selectman of the town of Rehoboth, The Police department Chief Feidler, Sergeant Peter Withers, Sergeant Trombetta and Sergeant James Brady of the Rehoboth Police department.

## Facts

3) On October 20, 1997 The Plaintiff did lawfully enter upon the driveway of said Mrs.Greaves herein identified as the debtor. The Plaintiff attached a copy of a signed notarized contract written by the debtor on a front yard fence post. The contract written in the debtors handwriting is

attached and labeled  Document 1-A.  A judgement and contempt order is currentley in force

4) During the month of October 1997 The Defendants of The Rehoboth Police Department made a criminal charge against the Plaintiff for trespassing and he was ordered to appear in court December 1, 1997. Prior to the court on date Dec 1, the Plaintiff went to the Taunton district court with his attorney to investigate the matter, and spoke to Defendant Sergeant Withers. Up until this point the plaintiff did not know what the summons was for. The Plaintiff and his attorney were clearly under the belief that this matter was to be dismissed. On the court appearance date of Dec 1, the plaintiff did appear in the District court of Taunton, Massachusetts.

The Plaintiff misunderstood his attorney and arrived at 9:00 instead of the appropriate 8:30. The Plaintiff was informed by Sergeant Withers that he was late and his case could not be dismissed because the court had finished with this type of procedure. And was also informed that the charge would have been dismissed had he arrived at the appropriate time because no probable cause existed.

The Plaintiff did arrive again at the Taunton District Court on January 13, 1998 and was befuddled when his name was called to enter a plea of innocent or guilty. The Plaintiff has attached a written affidavit describing the next four court appearances leading up to October 1998 a year from the date of the original summons.

**Document 1** <u>A document titled trespassing is herein included with this</u> court record. explaining the sequence of events regarding this trespass charge.

5) On January 13, 1998 during the very huried court procedure the plaintiff was certain a mistake was being made. The Plaintiff asked the court attendant to please get Sergeant Wither who had left the room because this matter was suppose to be dismissed. When Sergeant Withers returned he produced a typewritten police report written by <u>Sergeant Michael Brady</u>. The report stated that on a previous <u>un-stated date</u> the Plaintiff was given a trespassing warning by Sergeant Trombetta.

The Plaintiff was astounded because he had never seen this report previously and was totally unaware of its content. The Plaintiff knew this report was in

error and the contents were 100% false. On the next court date of March 18 the defendants recanted the content of the police report admitting that in fact the events listed in the report never did occur.

**Document 2**   A Police report is attached herein and will become part of this court record

No. 6   *The Plaintiff stopped into the police station on the court date of January 13 and on two other occasions. For the purpose of meeting with the police Chief hoping to rectify and iron matters out. The Plaintiff never made contact with the police chief so on February 16, wrote a letter citing a very serious error made by the police department. The Plaintiffs motivation was to hopefully resolve the issue with himself and his son with minimal time and expense.*

**Document 3**   A letter written by the Plaintiff on February 16, addressed to Police Chief Feidler of Rehoboth Police Department

7)   When the Plaintiff felt meeting with the Police chief was unsuccessful. The Plaintiff attempted to communicate and meet with the town Selectman to hopefully resolve the two issues at hand. As time progressed

and with the defendant Selectman Tim Withers intentional evasive inaccurate and non interest in this matter. Any hope had soon diminished particularily when the defendant Tim Withers chose to focus on previous family matters between the Plaintifs older son and his step mother.

**Document 4**   A contents with a summarizing overview of the correspondence sent to Selectman Withers and his responses.
Attached are copies of the actual correspondence.
A packet of eight letters containing a total of eleven pages.
Including contents

8) The Plaintiff Joseph Ligeri states that the defendants have caused him irreparable harm and lack of confidence and mistrust of public officials. The Defendants are clearly guilty of malicious prosecution by bringing a trespassing charge against the plaintiff and malicious use of process for continuing to follow through on a charge that never should have been made to begin with and afterward the obvious facts warranted should have been dismissed. Documentation of the supporting facts are enclosed with this complaint. The defendants took all the joy out of living in a country town that

the Plaintiff Joseph thought would be free of such corrupt management. The defendants are also violating the small claims act by wasting citizens tax dollars. The Defendants are guilty of particular malice, nothing less than constructive malice. The defendants have violated his son Benjamin's civil rights and ruined the best years of high school life and by targeting him for lack of more productive things to do. He became a joking conversation in the police station. The 2nd Plaintiff Benjamin has prepared written document filed with this complaint showing the atrocious humiliating harassment he has undergone. Ruining his faith at his most impressionable years in a system he would choose to honor and respect.

This document was prepared for a federal civil rights suit never filed. To this day when Benjamin is visiting his father the Plaintiff. The Plaintiff Joseph Ligeri suffers extreme anxiety when his son drives and uses his car to visit his friends in Rehoboth. The Plaintiff requests his son try to use his friends car while traveling in Rehoboth.

Let it be known that the Plaintiff No. 2 has never been stopped by the

Police anywhere outside of Rehoboth during this period of time when 70 % of his driving took place outside of Rehoboth. Up to this present date he has only been pulled over once for making an illilegal turn when 95% of his driving to date has been outside the town of Rehoboth.

9) The Plaintiff Joseph Ligeri states that in October 1998 he was maliciously and erroneously charged with trespassing. The police falsified a report, then used the content of it, and then proceeded to use the content of the information given in the report to press charges. After the police admitted the report was an error Sergeant Withers still refused to drop the charges. And than shifted the blame to the home owner. The Plaintiff Joseph Ligeri states that according to prosecutor Goodsdale of the Taunton District Attorneys Office, the police were going to testify that the document, the police falsified was correct six months after the department and the officer Trombetta said the report was an error. Officer Trombetta also admitted to Joseph Ligeri that the report was in error. Another Rehoboth prosecutor also,

said the report was not correct while in Taunton district court. Prosecutor Withers intentionally withheld the false report in his possession to maliciously mislead the Plaintiff.

10) The Plaintiff also suffered needlessly while his sons Civil Rights were violated over and over again. His son was wrongfully detained, while en route to school by searching his car, his person and any passengers in his car routinely. These events would occur on a regular basis. While Benjamin committed some minor infractions early on, most of the police intrusions were made because he drove a very noticeable antique Cadillac and he was clearly identified. And as a result of internal Police Department hostility and because of his father the Plaintiffs unwillingness to accept a false charge made by the the Rehoboth Police department. As a result Benjamin was
being made late for school and as a result he missed important tests. Also, Plaintiff Benjamin's school only allows a certain amount of late days before a parent has to bring the child to school. This was quite an inconvenience on Plaintiff Joseph who had to bring his son to school on many occasions. In addition, his car was constantly towed and often wrongfully and needlessly.

Tickets were also given wrongfully and needlessly. On two occasions his son Benjamin was arrested, handcuffed, chained and brought to a jail or court for a suspended licensee which was an error between the motor vehicle and the police. He needed to be bailed out because of these wrongful arrests. These errors all causing missed school, missed tests, embarressment and humiliation.

11 ) The Plaintiff Joseph repeatedly attempted to rectify the problems he was having by hoping to meet with the police chief. When that failed he attempted to meet with the town Selectman, Tim Withers. The Plaintiff Joseph's only results were some written correspondence from the selectman. This written correspondence will become part of the record. In this written correspondence, the selectman defended his position, was evasive, and without good intention. He never included the complaining party the plaintiff in his investigation. The Selectman denied even receiving some of the correspondence which was sent by receipt of mailing at the neighboring

Seekonk Post office. A local post office which the Plaintiff has had excellent results mailing documents all over the rest of the world and regularly mailing important income tax documents to clients all over the country.

12) While the defendant had many other remedies the defendant chose deliberately to act carelessly, negligently and maliciously. This action caused the plaintiff and his family irreparable harm.

13) The defendants failed at their major duties to serve and protect, and defied the purpose intended of town official officials.
It is a travesty of justice when a town official carelessly wastes and spends taxpayers money, rather than make the slightest goodwill attempt to prevent something in his or her reasonable control. Especially when he or she is pleaded with and given a multitude of opportunities. The Plaintiff has made numerous pleadings to resolve this problem, and warnings of an impending civil litigation by constantly writing and alerting officials to his concerns.

## Complaint of second Defendant

14) The Plaintiff Benjamin Ligeri being a student at Dighton Rehoboth High School regularly drove to his school in lieu of a very long bus ride, because his stop was first on the bus route. While traveling to his school at approximately 6:50 am he would on occasion pick up other student aqauintences. When the parents of the other student were asked by the Plaintiff's father about an incident in the neighborhood the Police department told the Plaintif and his attorney. The Plaintiff investigated the supposed incident to discover it was also fabricated. The parents of the student told the Plaintiff that on occasion they had followed Benjamin driving in his car to observe the safety of their children. And felt no concern was warrented.

The Police Fabricated a story and told to Plaintiffs attorney about ten neighbors who formed a human line across the street to stop the Plaintiff from driving in the neighborhood. While the plaintiff did not even pass five houses to reach his destination. The Plaintiffs investigated the story and found it to be totally false and fabricated.

15) On many occasions Benjamin was stopped by the Rehoboth Police. While being stopped his car and person was thoroughly searched and any passengers were routinely frisked. Questions about items in the car was asked for instance did you steel these CD's. On most occasions Benjamin was often given traffic violations and his car was towed. The Plaintiff had just moved back from Florida and possessed a Florida license. His father had him believe that they may have been returning to Florida and was not interested in His son Benjamin changing his license immediately, however since the police told him he must Benjamin began attempting to change his license. Because of Benjamin misinterpreting or being misinformed he attempted to be re tested . His first attempt at the motor vehicle he was told he would need a utility bill in his name to prove his residence. Benjamin began making trips to the motor vehicle and while doing so was simultaneously being issued tickets by the Rehoboth Police. The Plaintiff was told by the director of Motor Vehicle that two ticket causing Benjamin to have to be re tested  and go through a Driving training while in

the Navy and in another State were not warranted. And should not have been issued, but since they were on his record it was to late to correct the matter.

## Damages and awards

16) The Plaintiff has incurred substantial legal expense for defense on the trespassing charge

The Plaintiff has incurred substantial legal expense for defense for motor vehicle charge.

The Plaintiff has incurred substantial expense for car towing, car damage and lost goods unretreivable by the car towing company

The Plaintiff has lost the father son relationship that existed with his son, because he and his son felt he would be better off out of the Town of Rehoboth.

The Plaintiff was forced to use a many many hours taken away from his work time, writing letters, waiting, keeping records and filing this civil action which could have easily been avoided.

The Plaintiff prays that this honorable court will award a substantial punitive damage award in an amount of no less than $250,000 as it sees fit. To prevent this behavior in the future And to prevent a much bigger civil action to occur.

Based on the fact that the defendant officials had no concern whether or not this civil action was filed, because of these officials have no concern about the spending and wasting the citizens and taxpayers money.

## Damages and awards for Plaintiff no. 2 Benjamin Ligeri

17) The Plaintiff's Civil rights were violated continuously.

The Plaintiff has been under a great deal of stress and anxiety while trying to get through his adjusting teenage years.

The plaintiff had developed a constant chest pain at the time of these incidents that would not go away even with constant medical attention and physical therapy. We initially thought these pains were the result of a physical strain. After constant medical attention it was diagnosed as a psychological stress related. Even sports became untenable.

The Plaintiff Benjamin became untrusting and pessimistic after having previous thought of going into a career of law enforcement.

The Plaintiff suffered loss of his basic unalienable rights, unbearable stress, and embarrassment. All of the while attempting to attend school. And grow through his difficult teenage years. While Plaintiff No. 1 the father suffered most of the financial losses,

Plaintiff No. 2   Benjamin suffered needlessly. The Police department and the town did not make the slightest attempt what so ever to intervene.

The Plaintiff's ask this honorable court for a punitive damage award of $ 250,000. To inhibit this action in the future

**The defendants shall answer to this court and the Plaintiff by the allowed period prescribed by law for town and municipalities. The Defendants shall answer by the \_\_20th\_\_ day of \_SEPTEMBER\_ 2000**

This civil action compliant is filed on the \_\_29\_\_ day of \_AUGUST\_ 2000

Prepared by Joseph Ligeri Pro se
PO Box 27 Seekonk MA 02771